ORDER AND JUDGMENT *
NEIL M. GORSUCH, Circuit Judge.
During the last real estate boom, Gary Hall wanted in. He hired Tony Bettis, Stephen Seat, and Eric Comeau to find him good investment opportunities. In return, Mr. Hall agreed to cover their overhead costs and to give them an equity stake in the deals they spotted. Eventually, though, the real estate boom faded and the parties’ relationship soured. As these things go, the disagreement found its way to court.
*821 At trial, Mr. Bettis and his colleagues, as plaintiffs, sought over $1 million from Mr. Hall. They argued this amount represented a combination of unpaid overhead costs and their share of profits derived from several real estate investments. The court, however, refused to admit the plaintiffs’ damages calculations, ultimately permitting them to put before the jury a claim for only approximately $600,000. In the end the jury did find for the plaintiffs, but awarded them less still, $302,000.
Neither side is happy with the result.
For his part, Mr. Hall takes issue with the idea that the plaintiffs could recoup anything for two particular investments— the so-called Grand Lodge and SWAT 15 projects. Mr. Hall claims that the Grand Lodge project resulted in no profit for anyone, and that the SWAT 15 project was not a development project subject to the parties’ agreement. On appeal, however, Mr. Hall doesn’t contest the district court’s decision to admit evidence about these two projects. Instead, he argues only that he is entitled to judgment or a new trial because the evidence in the record as a whole is insufficient as a matter of law to support the jury’s verdict of $302,000.
When a jury’s verdict is challenged on appeal for its legal sufficiency, “our review is limited to determining whether the record — viewed in the light most favorable to the prevailing party — contains substantial evidence to support the jury’s decision.” Bangert Bros. Constr. Co., Inc. v. Kiewit W. Co., 310 F.3d 1278, 1292 (10th Cir. 2002). For purposes of this analysis, moreover, “[substantial evidence is something less than the weight of the evidence, and is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence.” Id.
This standard poses a problem for Mr. Hall. As the district court explained, even if we assume (without deciding) that Mr. Hall is right and no jury could have lawfully awarded damages on the Grand Lodge and SWAT 15 projects, the record still contains enough other, unchallenged (substantial) evidence to support an award of $302,000. See D.Ct. Mem. and Order at 6-8 (June 28, 2012). Put differently, the jury in this case issued a general verdict and even putting aside the damages the plaintiffs sought for the two challenged projects enough undisputed evidence remains in the record to support the verdict. Neither are we at liberty to overturn a general verdict supported by substantial evidence based on speculation that it might include amounts for the two projects still in dispute. It is long-settled law that “a general verdict [must be] upheld where there is substantial evidence supporting any ground of recovery in favor of an appellee.” Union P. R.R. Co. v. Lumbert, 401 F.2d 699, 701 (10th Cir.1968) (emphasis added).
Perhaps if Mr. Hall had sought and received special interrogatories asking the jury to assign damages to specific projects, we could weed out the damages attributable to the two projects he still contests. Perhaps if Mr. Hall had attempted and succeeded in showing that the jury could not have arrived at its general verdict without relying on amounts attributable to the Grand Lodge and SWAT 15 projects we could grant him relief even from this general verdict. But neither of these possibilities is present in this case.
For their part, Mr. Bettis and his colleagues challenge the district court’s in limine rulings forbidding them from presenting evidence at trial in support of their preferred (higher) damages calculations. But we review a district court’s evidentiary rulings only for abuse of discretion. “[W]e *822 will not disturb the [district court’s] determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.” Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995).
We cannot say nearly so much here. At summary judgment, the district court explained its interpretation of the parties’ contracts and how it expected any damages claim would be calculated and presented at trial — all based in large measure on the plaintiffs’ own representations about the contracts and their own numerical calculations. A month later, when presenting their exhibit list, plaintiffs sought to present new and higher damages calculations without an explanation why these new calculations were correct in light of the district court’s summary judgment order. Mr. Hall sought to exclude the new damage figures; plaintiffs responded, but still failed to explain the rationale behind their new calculations. The district court ruled in favor of Mr. Hall. Plaintiffs then sought reconsideration of the district court’s order, just weeks before trial. It was at this point when plaintiffs explained how their new figures were based on a new theory about how the parties’ course of dealing deviated from the contracts the court interpreted at summary judgment. The district court found as a matter of fact that the plaintiffs could have presented their new, alternative course-of-dealing theory much earlier in the proceedings — and that allowing the plaintiffs to introduce that new theory and those new numbers at trial after disclosing them so late in the day would prejudice Mr. Hall’s ability to defend himself. In these circumstances, the court then decided to hold the plaintiffs at trial to their own prior representations and calculations.
We are given no persuasive reason to think the facts undergirding the district court’s assessment are clearly erroneous, or that its ultimate decision otherwise amounts to a clear error of judgment. To the contrary, “[i]t is generally not an abuse of discretion for a court to exclude evidence based upon failure to timely” present it. Santana v. City & Cnty. of Denver, 488 F.3d 860, 867 (10th Cir.2007) (citing authorities); Fed.R.Evid. 403 (relevant evidence may be excluded “if its probative value is substantially outweighed by a danger of ... unfair prejudice”).
The judgment of the district court is affirmed.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.